T.C. Summary Opinion 2010-158

UNITED STATES TAX COURT

JAMES B. SWORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14535-09S.          Filed October 25, 2010.

James B. Sword, pro se.

<u>Andrew Moore</u> and <u>Rebecca Duewer-Grenville</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $353 deficiency in petitioner's 2006 Federal income tax. After concessions,[1] the issue for decision is whether petitioner is entitled to a depreciation expense deduction for 100 percent of the cost basis of certain capital improvements to a building in which he owned an undivided one-half interest.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

Petitioner's parents used their annual gift tax exclusion to gift a portion of a building they owned to petitioner each year. The building is a three-story Victorian house with a detached garage. When the total gifts represented one-half of the fair market value of the house, petitioner's parents executed a grant deed in 2004 granting petitioner an undivided one-half interest as a joint tenant in the building.

---

[1]Respondent conceded the depreciation deductions relating to the building, sewer, windows, paint, refinancing, and kitchen. Petitioner conceded the disallowed travel expenses claimed on his 2006 Schedule E, Supplemental Income and Loss.

Although petitioner owned an undivided one-half interest, he took responsibility for renting the third floor and garage; and his parents took responsibility for renting the first two floors. All rents were deposited into a single checking account. Checks were written on this account for expenses, including the purchase of a new roof and solar panels in 2000 and 2001, respectively.

Petitioner timely filed his 2006 Form 1040, U.S. Individual Income Tax Return. On the Schedule E, petitioner reported $24,055 of rental income, expenses of $22,482 (including travel expenses relating to the property), and depreciation of $8,845, for a net loss of $7,272. The depreciation expense claimed included a deduction for 100 percent of the cost of both the roof and the solar panels. Petitioner asserts that he owns the specific part of the house (the top floor and the garage) to which the roof and the solar panels are physically attached and thus is entitled to deduct 100 percent of the expenditures for these improvements. Petitioner otherwise claims a depreciation expense deduction for one-half of the cost basis of certain other expenditures for the building.

In the notice of deficiency respondent determined that petitioner is entitled to one-half of the claimed travel expenses and one-half of the claimed depreciation expense deduction relating to the roof and the solar panels.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, supra; Wilson v. Commissioner, T.C. Memo. 2001-139. A taxpayer is required to maintain records sufficient to substantiate deductions claimed on his or her income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioner therefore bears the burden of proof. See Rule 142(a).

Section 212 allows a deduction for all of the ordinary and necessary expenses paid or incurred during the taxable year in the production or collection of income. Sec. 212(1). A taxpayer

may be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear of property held for the production of income. Sec. 167(a)(2). The parties do not dispute that this building is a property held for the production of income and that the owner may deduct expenses related to the activity. See secs. 212, 167.

The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property is the adjusted basis as provided in section 1011. Sec. 167(c). Under section 1011, the adjusted basis of property is determined by the applicable sections of subchapter O, which include section 1015. The basis of property acquired by gift is the basis of that property in the hands of the donor. Sec. 1015(a). The adjusted basis of petitioner's parents, the donors, is their cost basis as adjusted by expenditures for improvements made and depreciation previously claimed. See secs. 1012, 1016(a). Therefore, petitioner's basis in the improvements is one-half of his parents' adjusted basis in the improvements.

Further, we must consider whether petitioner is entitled to deduct 100 percent of the depreciation expense or something less. Where property is held by joint tenants, each must report the income and is entitled to deduct expenses related to that property in proportion to his ownership interest. See Gross v. Commissioner, T.C. Memo. 1995-425.

We look to California State statutory and judicial law to determine petitioner's ownership interest in the building. The Court considers State law to determine the nature of the taxpayer's property rights. <u>United States v. Natl. Bank of Commerce</u>, 472 U.S. 713, 722 (1985); <u>Aquilino v. United States</u>, 363 U.S. 509, 513 (1960). The pertinent California statutory provision defining a joint tenancy and describing the method of its creation, Cal. Civ. Code sec. 683 (West 2007), provides:

§ 683. Joint tenancy; definition; method of creation

(a) A joint interest is one owned by two or more persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or by transfer from a sole owner to himself or herself and others, or from tenants in common or joint tenants to themselves or some of them, or to themselves or any of them and others, or from a husband and wife, when holding title as community property or otherwise to themselves or to themselves and others or to one of them and to another or others, when expressly declared in the transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants. A joint tenancy in personal property may be created by a written transfer, instrument, or agreement.

Thus, in order to create a joint tenancy interest in property by will or transfer, the instrument must expressly declare the interest to be a joint tenancy. See <u>Hartley v. Commissioner</u>, T.C. Memo. 1990-14. The grant deed expressly stated that petitioner was granted an undivided one-half interest in the property as a joint tenant, and thus a joint tenancy was created.

Since petitioner owned a one-half undivided interest in the property, he is entitled to claim one-half of the allowable depreciation expense deduction. Respondent's determination that petitioner is entitled to one-half of the depreciation deduction relating to the roof and solar panels is sustained. As a result of concessions at trial, the deficiency will be less than that determined in the notice of deficiency.

To reflect the foregoing,

Decision will be entered under Rule 155.